ORIGINAL

FILED

08 JUL 31 PM 2: 33

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _ECL_                    DEPUTY

1   JOHN M. MCCOY III, Cal. Bar No. 166244
    E-mail: mccoyj@sec.gov
2   FINOLA H. MANVELIAN, Cal. Bar No. 180681
    Email:  manvelianf@sec.gov
3   JESSICA R. PUATHASNANON, Cal. Bar No. 208074
    E-mail:  puathasnanonj@sec.gov
4   WILLIAM G. BERRY, Cal. Bar No. 206348
    E-mail: berryw@sec.gov
5
    Attorneys for Plaintiff
6   Securities and Exchange Commission
    Rosalind R. Tyson, Regional Director
7   Andrew G. Petillon, Associate Regional Director
    5670 Wilshire Boulevard, 11th Floor
8   Los Angeles, California 90036-3648
    Telephone:  (323) 965-3998
9   Facsimile:   (323) 965-3908

10

11

12              UNITED STATES DISTRICT COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14

15   SECURITIES AND EXCHANGE          Case No. '08 CV 1388  J  RBB
     COMMISSION,
16                                     COMPLAINT FOR VIOLATIONS
17              Plaintiff,             OF THE FEDERAL SECURITIES
                                       LAWS
18        vs.

19   MICHAEL F. CROWLEY, JR.,

20              Defendant.

21

22

23

24

25

26

27

28

1    Plaintiff Securities and Exchange Commission (the "Commission") alleges
2  as follows:

### JURISDICTION AND VENUE

4      1.    This Court has jurisdiction over this action pursuant to Sections 20(b),
5  20(d)(1), and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C.
6  §§ 77t(b), 77t(d)(1), and 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e), and 27
7  of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1),
8  78u(d)(3)(A), 78u(e) and 78aa.  Defendant has directly or indirectly made use of
9  the means or instrumentalities of interstate commerce, of the mails, or of the
10  facilities of a national securities exchange in connection with the transactions, acts,
11  practices and courses of business alleged in this Complaint.

12      2.    Venue is proper in this district pursuant to Section 22(a) of the
13  Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C.
14  § 78aa, because defendant resided within this district during the relevant time
15  period and certain of the transactions, acts, practices and courses of conduct
16  constituting violations of the laws alleged in this Complaint occurred within this
17  district.

### SUMMARY

19      3.    This case involves financial fraud at SeraCare Life Sciences, Inc.
20  ("SeraCare") by its former chief executive officer, Defendant Michael F. Crowley,
21  Jr. ("Crowley").

22      4.    SeraCare was based in Oceanside, California during the relevant time
23  period and operates as a supplier and manufacturer of biological products (such as
24  blood and plasma) for the biotechnology and pharmaceutical industry.

25      5.    Crowley failed to disclose material information in SeraCare's
26  disclosures for the first quarter of fiscal year 2005 regarding a canceled bill and
27  hold sale that represented almost 11% of its quarterly net income before taxes.

28      6.    Specifically, at the end of SeraCare's first quarter of 2005, Crowley

1  was informed that a major customer had canceled a material portion of a bill and

2  hold sale that accounted for almost 11% of SeraCare's net income before taxes for

3  the period.  In spite of this knowledge, on February 9, 2005,Crowley certified

4  SeraCare's quarterly report filed on Form 10-Q for the quarter ended December 31,

5  2004 ("SeraCare's 2005 First Quarter Form 10-Q"), even though it failed to

6  disclose any information about the canceled portion of the sale.  That misleading

7  filing was then incorporated by reference in registration statements filed on Forms

8  S-8 by SeraCare on February 25, 2005 in connection with the offering of 600,000

9  shares of SeraCare common stock.

10        7.    Crowley also made statements during SeraCare's quarterly conference

11  call and in the Company's quarterly earnings release touting SeraCare's record

12  sales and net income for the period, again without disclosing the canceled sale.

13  The quarterly earnings release was attached to a Form 8-K filed by SeraCare on

14  February 9, 2005 ("SeraCare's February 9, 2005 Form 8-K"), which was also

15  incorporated in SeraCare's February 25, 2005 Form S-8 registration statements.

16        8.    Crowley aided and abetted SeraCare's uncharged violations of Section

17  13(a) of the Exchange Act and Rules 12b-20, 13a-11, and 13a-13 thereunder.

18  Crowley also violated Section 17(a)(2) and (3) of the Securities Act and Rule 13a-

19  14 of the Exchange Act.

20                                    **DEFENDANT**

21        9.    Defendant Michael F. Crowley, Jr. is a resident of San Diego,

22  California.  Crowley was the chief executive officer of SeraCare from 2002 until

23  he was terminated in March 2006.

24                               **RELEVANT ENTITY**

25        10.   SeraCare Life Sciences, Inc. is a Delaware corporation that is

26  currently based in West Bridgewater, Massachusetts.  During the relevant time

27  period, SeraCare's principal headquarters were in Oceanside, California and its

28  common stock was registered pursuant to Section 12(g) of the Exchange Act and

1    listed on the Nasdaq National Market.  From at least 2004 through at least March

2    2006, SeraCare's fiscal year ended on September 30.

### FACTUAL ALLEGATIONS

**Crowley's Failure To Disclose Material Information About A Canceled Sale**

5    11.    Approximately two weeks before the end of fiscal year 2004,

6    SeraCare acquired substantially all of the assets of Boston Biomedica, Inc. ("BBI")

7    for about $30 million.  The acquisition almost doubled the size of SeraCare.

8    12.    In December 2004, SeraCare's newly acquired BBI division secured a

9    major sale with Roche Diagnostics, a key customer that agreed to purchase

10   $454,080 worth of product under a bill and hold arrangement.

11   13.    On February 8, 2005 -- one day before SeraCare's Form 10-Q was

12   filed and a scheduled earnings release was due -- a representative from Roche

13   notified SeraCare's head of sales that Roche no longer wanted to take the product

14   under bill and hold arrangements.  Instead, Roche wanted to pay for the product as

15   it was received throughout calendar year 2005.

16   14.    Given the significant size of the sale, SeraCare's head of sales

17   immediately notified Crowley by email of his conversation with Roche, and

18   suggested that SeraCare "reverse" the sale and not book it as revenue for the first

19   quarter of 2005.  Specifically, the over $300,000 in unearned revenue for the

20   Roche sale accounted for 10.7% of SeraCare's net income before taxes for the

21   quarter.  Nevertheless, Crowley insisted that the full sale remain booked in the first

22   quarter as a bill and hold sale without disclosing the canceled sale in the quarterly

23   filing (on Form 10-Q), earnings release (on Form 8-K), and earnings call on the

24   following day.

25   15.    The February 9, 2005 earnings release acknowledges that SeraCare's

26   tremendous growth in sales was primarily driven by its recent acquisition of BBI,

27   but fails to disclose that revenue accounting for almost 11% of SeraCare's net

28   income before taxes for the quarter had just been canceled.  The earnings release

-4-

1    also quotes Crowley touting the Company's "record sales, operating income and

2    net income" for the period.

3        16.    In addition, Crowley spoke during the February 9, 2005 earnings call

4    with analysts and trumpeted SeraCare's "triple-digit growth" in revenue for the

5    quarter and the Company's "doubled" net income, without disclosing the canceled

6    sale with Roche.

7        17.    Crowley was also substantially involved in preparing, reviewing, and

8    approving SeraCare's 2005 First Quarter Form 10-Q and its February 9, 2005

9    Form 8-K before they were filed with the Commission.

10       18.    Crowley signed and certified SeraCare's 2005 First Quarter Form

11   10-Q and signed SeraCare's February 9, 2005 Form 8-K even though they were

12   materially misleading because they failed to disclose that Roche had canceled a

13   portion of a bill and hold sale that represented almost 11% of SeraCare's net

14   income before taxes for the period.

15       19.    Crowley knew, or should have known, that both SeraCare's 2005 First

16   Quarter Form 10-Q and its February 9, 2005 Form 8-K were materially misleading.

17       20.    SeraCare filed Form S-8 registration statements on February 25, 2005,

18   which Crowley also signed, in connection with the offering of 600,000 shares of its

19   common stock.  By statute, SeraCare's Form S-8 registration statements

20   incorporated by reference SeraCare's 2005 First Quarter Form 10-Q and February

21   9, 2005 Form 8-K.

22                         **FIRST CLAIM FOR RELIEF**

23                **FRAUD IN THE OFFER OR SALE OF SECURITIES**

24           **Violations of Section 17(a)(2) and (3) of the Securities Act**

25       21.    The Commission realleges and incorporates by reference ¶¶ 1 through

26   20 above.

27       22.    Defendant, by engaging in the conduct described above, directly or

28   indirectly, in the offer or sale of securities by the use of means or instruments of

transportation or communication in interstate commerce or by the use of the mails:

      (a)    obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

      (b)    engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

23.    By engaging in the conduct described above, defendant violated, and unless restrained and enjoined will continue to violate, Section 17(a)(2) and (3) of the Securities Act, 15 U.S.C. § 77q(a).

<strong><u>SECOND CLAIM FOR RELIEF</u></strong>

<strong>VIOLATIONS OF COMMISSION PERIODIC</strong>

<strong>REPORTING REQUIREMENTS</strong>

<strong>Violations of Section 13(a) of the Exchange Act,</strong>

<strong>and Rules 12b-20, 13a-11, and 13a-13 thereunder</strong>

24.    The Commission realleges and incorporates by reference ¶¶ 1 through 20 above.

25.    SeraCare violated Section 13(a) of the Exchange Act and Rules 12b-20, 13a-11, and 13a-13 thereunder, by filing with the Commission materially misleading reports on Form 10-Q and on Form 8-K on February 9, 2005 for the quarter ended December 31, 2004.

26.    Defendant knowingly provided substantial assistance to SeraCare's violation of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-11, and 13a-13 thereunder.

27.    By engaging in the conduct described above and pursuant to Section 20(e) of the Exchange Act, 15 U.S.C. § 78t(e), defendant aided and abetted

1  SeraCare's violations, and unless restrained and enjoined will continue to aid and

2  abet violations, of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and

3  Rules 12b-20, 13a-11, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-

4  11, and 240.13a-13.

### THIRD CLAIM FOR RELIEF

### FALSE CERTIFICATION

### Violations of Exchange Act Rule 13a-14

8    28.    The Commission realleges and incorporates by reference ¶¶ 1 through

9  20 above.

10    29.    Defendant certified the quarterly report filed by SeraCare on Form 10-

11  Q for the quarter ended December 31, 2004 that, among other things, he reviewed

12  the report and, based on his knowledge, the report (i) did not contain any untrue

13  statement of material fact or omit to state a material fact necessary to make the

14  statements made, in light of the circumstances under which such statements were

15  made, not misleading and (ii) included financial statements and other financial

16  information which fairly presented, in all material respects, SeraCare's financial

17  condition, results of operations and cash flows.

18    30.    By engaging in the conduct alleged above, defendant violated, and

19  unless restrained and enjoined will continue to violate, Exchange Act Rule 13a-14,

20  17 C.F.R. § 240.13a-14.

### PRAYER FOR RELIEF

22    WHEREFORE, the Commission respectfully requests that the Court:

23    (a)    Issue findings of fact and conclusions of law that defendant

24  committed the violations alleged and charged herein.

25    (b)    Issue judgments, in a form consistent with Fed. R. Civ. P. 65(d),

26  permanently enjoining defendant and his agents, servants, employees, attorneys,

27  and those persons in active concert or participation with him, who receive actual

28  notice of the order by personal service or otherwise, from violating Section

1  17(a)(2) and (3) of the Securities Act and Rule 13a-14 of the Exchange Act, and

2  aiding and abetting violations of Section 13(a) of the Exchange Act and Rules 12b-

3  20, 13a-11, and 13a-13 thereunder.

4      (c)    Order defendant to pay civil penalties under Section 20(d) of the

5  Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15

6  U.S.C. § 78u(d)(3).

7      (d)    Retain jurisdiction of this action in accordance with the principles of

8  equity and the Federal Rules of Civil Procedure in order to implement and carry

9  out the terms of all orders and decrees that may be entered, or to entertain any

10 suitable application or motion for additional relief within the jurisdiction of this

11 Court.

12     (e)    Grant such other and further relief as this Court may determine to be

13 just and necessary.

14

15 DATED:  July 31, 2008                    Respectfully submitted,

16

17                                         WILLIAM G. BERRY

18                                         Attorneys for Plaintiff

19                                         Securities and Exchange Commission

20

21

22

23

24

25

26

27

28

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
U.S. SECURITIES AND EXCHANGE COMMISSION

**DEFENDANTS**
MICHAEL F. CROWLEY, JR.

**FILED ta**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego County
(IN U.S. PLAINTIFF CASES ONLY)

**08 JUL 31 PM 2:38**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY: _____ DEPUTY

**08 CV 1388 J RBB**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William G. Berry, Esq.   (323) 965-3998
U.S. Securities and Exchange Commission

Attorneys (If Known)
Charles G. La Bella
La Bella & McNamara, LLP

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                 and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 77q(a), 15 U.S.C. § 78m(a), 17 C.F.R. §§ 240.12b-20, 240.13a-11, 240.13a-13, and 240.13a-14
Brief description of cause:
The complaint alleges violations of the antifraud provisions of the federal securities laws.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
7-31-08

SIGNATURE OF ATTORNEY OF RECORD
*William G Berry*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.